JOHN LITTLE, *Pet'r. versus* JAMES COCHRAN & *al.*

The justices taking the examination of a debtor, should not administer the oath prescribed by the statute, if they discover by the examination any thing inconsistent with the oath. Any course of examination, therefore, by the creditor, which would have a tendency to exhibit conduct of the debtor inconsistent with that oath, would be pertinent and appropriate.

The debtor is required by the oath to declare, not only that he has not conveyed property with intent to defraud the creditor on whose execution he has been arrested or committed, but also that he has not, since that debt was contracted, conveyed or entrusted to any person or persons whomsoever, all or any part of the estate, real or personal, whereof he has been the lawful owner or possessor, with any intent or design to secure the same, or to receive or expect any profit, advantage or benefit therefrom, to himself or others, *with any intent or design to defraud any of his creditors.*

If the justices deprive the creditor of his rights, by preventing or restraining such an examination, a writ of *certiorari* will be granted, on the petition of the creditor.

*Harding* argued for the petitioner, citing *Hayward, petitioner,* 10 Pick. 358, and *Dow* v. *True,* 19 Maine R. 46.

*Handley* argued for the respondents.

The opinion of the Court was drawn up by

SHEPLEY J. — This is a petition for a writ of *certiorari*, to bring before the Court the record of the proceedings of two justices of the quorum, in taking the disclosure of Isaac Carkin, jr. under the statute for the relief of poor debtors. The justices have presented, under their signatures, a document certified by them to be the record of their proceedings. It commences with the second interrogatory propounded to the debtor; and it presents such an appearance as to prevent one from concluding, that one leaf or page must have been removed or lost, since it was authenticated. There is a leaf annexed, not authenticated in any form, or referred to in the record, exhibiting three motions purporting to have been made by the attorney for the creditor, and remarks as if made for a decision upon them by the justices. The counsel have presented another document certified by one of the justices to be a true copy. It commences with a formal statement, that an application had been made by the debtor to be admitted to take the oath; that the notification and return had been examined by them and found to be correct; that they proceeded to an examination of the debtor; and that he disclosed four notes of hand, signed by Stephen Simmons, dated April 18, 1839, for $100 each, and interest, and an execution against one Jones for about $10, which are stated to be among the debtor's effects in bankruptcy, and assigned over to the creditor, subject to that lien. It then states, that the attorney for the creditors put the following interrogatories, and the first as well as the other interrogatories and answers then follow. With this document also, but not annexed to it or referred to in it, is presented a loose leaf, signed by the justices and not certified to be a copy of any record or proceeding, exhibiting the same matter contained in the leaf annexed to the first document. Without noticing the less important inaccuracies thus presented, some of the objections to the validity of the proceedings of the justices will be considered. It appears from the dis-

closure, that the debtor formerly purchased a tract of land of Daniel F. Harding, and for security, mortgaged the same to him. This mortgage was not recorded, and the debtor afterward conveyed the same premises to Stephen Simmons for $400, and received the promissory notes disclosed in payment. One of the objects of the attorney for the creditor appears to have been, to show by the interrogatories and answers, that the conveyance to Simmons was merely colorable and made with an intention to defraud Mr. Harding. The following interrogatories, with the decisions of the justices respecting them, appear in both the documents presented.

" 28. What was your intention in selling the land to Simmons instead of Harding? The Court decide the above question an improper one.

" 30. At the time you conveyed to Simmons as aforesaid, had he any attachable property? was he then reputed to be a man of property or no property? did you make any inquiries as to his standing? The Court decide the above not to be pertinent to this case.

" 36. When you conveyed the land to Simmons, how did you calculate to pay Harding's notes? Objected to by debtor's attorney, saying we have answered far enough, inasmuch as we have been fourteen hours under examination, and pray, that this examination will cease. Counsel for creditor prays, that the examination go on."

Thus closes the disclosure, which is then signed by the debtor. The justices in their certificate state, that they " received all pertinent interrogatories, that were propounded," and that the debtor answered them. There is no other explanation of the conclusion of the disclosure, unless it be found in the leaves before alluded to, which cannot be regarded as part of the record or permitted to have any influence. If the matter therein contained were a part of the record, it would communicate little more light. The justices probably relieved the debtor from making answers to the interrogatories before noticed, and thus concluded their examination, because they did not consider it to be material to a correct decision of the

question before them, whether the debtor had made the conveyance to Simmons with an intent to defraud Mr. Harding, as he was not the creditor, on whose execution the debtor had been committed. It is now contended, that such an inquiry was not pertinent. The justices are not to administer the oath prescribed by the statute, if they shall discover by the examination any thing inconsistent with the oath. Any course of examination, therefore, which would have a tendency to exhibit conduct of the debtor inconsistent with that oath, would be pertinent and appropriate. The debtor is not required by the oath to declare only, that he has not conveyed property with intent to defraud the creditor, on whose execution he has been committed or arrested; but that he has not, since that debt was contracted, " conveyed or entrusted to any person or persons whomsoever, all or any part of the estate, real or personal, whereof I have been the lawful owner or possessor, with any intent or design to secure the same or to receive or expect any profit, advantage, or benefit therefrom, to myself or others with an intent or design to defraud any of my creditors." The debtor should therefore have fully answered any questions tending to show, that he had so conveyed that land to Simmons. As the justices appear to have deprived the creditor of his rights by preventing or restraining such an examination, the writ prayed for may be issued.